IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON ANTHONY SANABRIA,<br>    Plaintiff<br><br>v.<br><br>ST. LUKES HOSPITAL SACRED<br>HEART CAMPUS, *et al.*,<br>    Defendants | :<br>:<br>:<br>:   CIVIL ACTION NO. 21-CV-3825<br>:<br>:<br>:<br>: |

**MEMORANDUM**

**PRATTER, J.**                                                                                       OCTOBER 13, 2021

Plaintiff Jason Sanabria filed a *pro se* Complaint that appears to be raising claims pursuant to 42 U.S.C. § 1983. Mr. Sanabria also filed a Motion for Leave to Proceed *In Forma Pauperis*, a "Motion for Trial," and a document titled "Amended Complaint Notice of Defendants." (ECF No. 5-7.) For the following reasons, the Court will grant Mr. Sanabria leave to proceed *in forma pauperis*, dismiss his Complaint, and deny the Motion for Trial.

**I.    FACTUAL ALLEGATIONS**

Mr. Sanabria's Complaint is sparse, and his handwriting is difficult to read. He named St. Luke's Hospital Sacred Heart Campus and the Lehigh County Jail as Defendants.[1] Mr. Sanabria alleges that the events giving rise to his claims occurred on April 22, 2016, January 26, 2019, December 27, 2019, and July 26, 2020 in Allentown and "other locations." (ECF No. 2 at 4.) As the factual basis for his claims, Mr. Sanabria wrote "Discrimination of Constitutional Rights, slavery prohibiting Constitutional Rights, excessive force abridging Constitutional Rights

---

[1] Mr. Sanabria initially included the Allentown Police Department, the Allentown Fire Department and the Lehigh County Courthouse in the caption but drew a line through those Defendants, so it appears he does not intend to include them as parties going forward. (ECF No. 2 at 2.) The Court adopts the pagination supplied by the CM/ECF docketing system.

temporary paralysis, overdosing of injection and mental injuries of old and [illegible]." (*Id.*) He claims that the Defendants "had caused excessive force abridging Constitutional Rights causing Discriminating factors prohibiting Constitutional Rights that abridging to slavery." (*Id.* at 4.)

Mr. Sanabria claims that he sustained injuries in the form of "overdose, temporary paralysis, aggravated indecent assault" and "mental injuries," among other things. (*Id.* at 5.) He seeks $400 million in damages for "several years of suffering and Grief." (*Id.*)

The Court denied Mr. Sanabria's initial Motion to Proceed *In Forma Pauperis* for lack of sufficient financial information and gave him thirty (30) days to return with a more complete motion. (ECF No. 4.) Thereafter, Mr. Sanabria filed his "Motion for Trial," which does not contain any clear request for relief, but instead provides the following list: (1) "Innocent"; (2) "Testimony"; and (3) "Ruling of the Memorandum of law." (ECF No. 5.) At the same time, Mr. Sanabria filed his "Amended Complaint Notice of Defendants," which appears to be a list of additional defendants he seeks to sue in this case, specifically: (1) Judge Duglas G. Reichley; (2) Judge Maria L. Dantos; (3) Mr. Blood; (4) Mr. Smith; (5) Mr. Gonzalez; (6) Sgt Milkovitz; (7) Officer Vernotica; (8) Cody Malling; (9) Kevin Krotzer; and (10) Stacy Ribbot. (ECF No. 6.) The submission does not contain any substantive allegations against these defendants, or the defendants named in the initial Complaint.[2] Mr. Sanabria also filed a more complete Motion to Proceed *In Forma Pauperis* in response to the Court's Order. (ECF No. 7.)

Relevant here, Mr. Sanabria filed a lawsuit in August of 2020, Civil Action Number 20-4091, against some of the same defendants based on what appear to be the same events. *See Sanabria v. Hellwig*, Civ. A. No. 20-4091 (E.D. Pa.). St. Luke's Hospital (Sacred Heart

---

[2] Since Mr. Sanabria's "Amended Complaint" does not include any allegations, the Court will construe the Amended Complaint and initial Complaint together to give Mr. Sanabria the broadest possible interpretation of his claims.

2

Campus) and the Lehigh County Jail, both of whom are defendants in the instant civil action, were also named as defendants in Civil Action Number 20-4091. *See Sanabria v. St. Lukes Hosp. (Sacred Heart Campus)*, Civ. A. No. 20-4091, 2020 WL 7495665, at *1-2 (E.D. Pa. Dec. 21, 2020). Similar to his Complaint in the instant civil action, Mr. Sanabria "indicated that his claims occurred at St. Luke's Hospital and 'other locations' on several dates, specifically, April 22, 2016, January 26, 2019, December 27, 2019, and July 26, 2020." *Id.* at *1; *see also id.* at *3.

On December 21, 2020, the Court dismissed Mr. Sanabria's second amended complaint in Civil Action Number 20-4091 without further leave to amend.[3] *Id.* at *7. The Court explained to Mr. Sanabria that neither St. Luke's nor the Lehigh County Jail were subject to liability under § 1983. *Id.* at *3 & *6. The Court also concluded that Mr. Sanabria failed to state a claim for false arrest, false imprisonment, or malicious prosecution, and that any excessive force claim he may have been raising in connection with an arrest that took place in 2016 was time-barred. *Id.* at *5. Ultimately, the Court dismissed with prejudice Mr. Sanabria's federal claims against St. Luke's and the Allentown Police Department, which was also named as a defendant, and dismissed his state law claims against those defendants without prejudice for lack of subject matter jurisdiction. Civ. A. No. 20-4091 (ECF No. 22). The Court dismissed Mr. Sanabria's claims against the Lehigh County Jail without prejudice to him raising claims based on his conditions of confinement at the jail in a "new lawsuit filed against appropriate defendants." *Id.*

---

[3] Mr. Sanabria was proceeding *in forma pauperis*, so the screening provision of that statute applied to his case. *See* 28 U.S.C. § 1915(e)(2)(B).

3

## II. STANDARD OF REVIEW

The Court will grant Mr. Sanabria leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, Mr. Sanabria's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, "[r]es judicata is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)." *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*). Because Mr. Sanabria is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. United States Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (*per curiam*).

The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III. DISCUSSION

Mr. Sanabria's claims against St. Luke's Hospital Sacred Heart Campus are precluded by his prior lawsuit. The doctrine of *res judicata*, also known as claim preclusion, bars claims that were brought or could have been brought in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent

5

suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). "A dismissal under the *in forma pauperis* statute also qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim." *Gimenez*, 202 F. App'x at 584.

Here, the Court previously dismissed with prejudice Mr. Sanabria's § 1983 claims against St. Luke's based on the events of April 22, 2016, January 26, 2019, December 27, 2019, and July 26, 2020. Accordingly, Mr. Sanabria is precluded from reasserting his claims against St. Luke's in a new lawsuit. In any event, "St. Luke's is a private hospital, and nothing alleged in the ... Complaint can be plausibly viewed as state action," so Mr. Sanabria cannot state a § 1983 claim against St. Luke's. *Sanabria*, 2020 WL 7495665, at *4.

However, Mr. Sanabria's claims against the Lehigh County Jail are not precluded because the Court dismissed those claims without prejudice to Mr. Sanabria challenging the conditions of his confinement in a new civil action brought against proper defendants. "However, the Lehigh County Jail is not a 'person' subject to liability under § 1983." *Id.* at *6. So, the Court must dismiss Mr. Sanabria's claims against the Lehigh County Jail.

At this time, it does not appear that Mr. Sanabria's claims against the remaining defendants listed in his "Amended Complaint Notice of Defendants" are precluded. However, Mr. Sanabria's submissions are so lacking in facts that he has not alleged a plausible basis for a claim. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To be individually liable, "[a] defendant in a civil rights action must have personal involvement

in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Mr. Sanabria's Complaint hides the true nature of his claims and fails to provide any facts about what each defendant did to Mr. Sanabria that gives rise to a constitutional claim against them. In other words, the Complaint fails to comply with Rule 8 or state a factual basis for a plausible constitutional claim.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Sanabria leave to proceed *in forma pauperis* and dismiss his Complaint. Mr. Sanabria's claims against St. Luke's Hospital Sacred Heart Campus and the Lehigh County Jail are dismissed with prejudice, which means that Mr. Sanabria cannot proceed on those claims or reassert them against those defendants. Mr. Sanabria may file an amended complaint against the individuals named in his "Amended Complaint Notice of Defendants" in the event he can state a constitutional claim against any of those defendants. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). The "Motion for Trial" will be denied. An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

_____
GENE E.K. PRATTER, J.