# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON ANTHONY SANABRIA,<br>    **Plaintiff** : : : | |
| v. : | CIVIL ACTION NO. 21-CV-3825 |
| : | |
| ST. LUKE'S HOSPITAL SACRED : <br>HEART CAMPUS, *et al.*, : <br>    **Defendants** : | |

## MEMORANDUM

**PRATTER, J.**                                                                                                    OCTOBER 28, 2021

Currently before the Court is a Second Amended Complaint filed by Jason Sanabria. For the following reasons, the Court will dismiss the pleading and the action.

## I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Mr. Sanabria's initial Complaint named St. Luke's Hospital Sacred Heart Campus and the Lehigh County Jail as defendants and alleged that the events giving rise to his claims occurred on April 22, 2016, January 26, 2019, December 27, 2019, and July 26, 2020 in Allentown and "other locations." (ECF No. 2 at 4.)[1] As the factual basis for his claims, Mr. Sanabria wrote "Discrimination of Constitutional Rights, slavery prohibiting Constitutional Rights, excessive force abridging Constitutional Rights temporary paralysis, overdosing of injection and mental injuries of old and [illegible]." (*Id.*) He claimed that the defendants "had caused excessive force abridging Constitutional Rights causing Discriminating factors prohibiting Constitutional Rights that abridging to slavery." (*Id.* at 4.)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

The Court denied Mr. Sanabria's initial Motion to Proceed *In Forma Pauperis* for lack of sufficient financial information and gave him 30 days to return with a more complete motion. (ECF No. 4.) Thereafter, Mr. Sanabria filed his "Motion for Trial," which simply provided the following list: (1) "Innocent"; (2) "Testimony"; and (3) "Ruling of the Memorandum of law." (ECF No. 5.) Mr. Sanabria also filed an "Amended Complaint Notice of Defendants," which appeared to be a list of additional defendants he sought to sue, specifically: (1) Judge Duglas G. Reichley; (2) Judge Maria L. Dantos; (3) Mr. Blood; (4) Mr. Smith; (5) Mr. Gonzalez; (6) Sgt Milkovitz; (7) Officer Vernotica; (8) Cody Malling; (9) Kevin Krotzer; and (10) Stacy Ribbot. (ECF No. 6.) The submission did not contain any substantive allegations against these defendants, or the defendants named in the initial Complaint. Mr. Sanabria also filed a more complete Motion to Proceed *In Forma Pauperis* in response to the Court's Order. (ECF No. 7.)

In an October 13, 2021 Memorandum and Order, the Court granted Mr. Sanabria leave to proceed *in forma pauperis*, denied his "Motion for Trial," construed his Complaint and Amended Complaint together, and dismissed his pleadings upon screening. *See Sanabria v. St. Luke's Hosp. Sacred Heart Campus*, Civ. A. No. 21-CV-3825, 2021 WL 4776337, at *1 (E.D. Pa. Oct. 13, 2021). First, the Court concluded that Mr. Sanabria's claims against St. Luke's Hospital were precluded by a prior lawsuit he filed, *see Sanabria v. St. Lukes Hosp. (Sacred Heart Campus)*, Civ. A. No. 20-4091, 2020 WL 7495665 (E.D. Pa. Dec. 21, 2020), and in any event failed because St. Luke's Hospital is not a state actor subject to liability under § 1983. *Sanabria*, 2021 WL 4776337, at *3. Next, the Court dismissed Mr. Sanabria's claims against the Lehigh County Jail with prejudice because that defendant is also not subject to suit under § 1983. *Id.* Finally, the Court concluded that Mr. Sanabria had not alleged a basis for a claim against the remaining defendants identified in his Amended Complaint and that his submission was so

2

lacking in this regard that it failed to comply with Rule 8. *Id.* However, Mr. Sanabria was given leave to file a second amended complaint as to these defendants. *Id.* at *4.

The Court's Order gave Mr. Sanabria 30 days to file a second amended complaint and directly instructed him that, if he did so, his pleading must identify all defendants in the caption and state the basis for his claims against each defendant. (ECF No. 9.) Mr. Sanabria was also instructed that any amended complaint was required to state a claim without reference to the initial Complaint or other documents previously filed in this case, and suggested he be mindful of the Court's reasons for dismissing his prior pleadings. (ECF No. 9.)

Mr. Sanabria returned with his second amended complaint. This latest complaint does not identify any defendants. Rather, it indicates that the defendants are "Attached to Civil action No 21-cv-3825." (ECF No. 10 at 1 & 2.) Mr. Sanabria states that he is bringing claims pursuant to § 1983, but in the portion of the form complaint that asks for further detail about his claims, he simply wrote "Attached to Civil Action No 21-cv-3825" and "Attached to Civil Action No. 21-cv-3825 as construed by the Courts Reasons as By the Courts Memorandum." (*Id.* at 2-3.) In the section of the form complaint that asks for information about injuries, Mr. Sanabria asserts "major fraud against the United States," although it is unclear to what he refers. (*Id.* at 4.) As relief, he asks for liberal construction of his claims. (*Id.*)

## II. STANDARD OF REVIEW

Because Mr. Sanabria is proceeding *in forma pauperis*, his second amended complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss it if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d

3

Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Mr. Sanabria is proceeding *pro se*, so the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

A complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. United States Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (*per curiam*). The Third Circuit Court of Appeals has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

4

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III. DISCUSSION

Mr. Sanabria's second amended complaint fails to comply with Rule 8 or state a claim. It is not clear from the pleading who the defendants are in this case and what events gave rise to the legal claims Mr. Sanabria intends to pursue. Even if Mr. Sanabria intended to name the same defendants identified in his prior pleadings, he has not described what those defendants did or did not do to give rise to a claim against them. Assuming that Mr. Sanabria's second amended complaint could be understood to refer back to his prior pleadings to state a claim, his claims fail for the reasons previously stated in the Court's October 13, 2021 Memorandum, including that claims are barred by the doctrine of *res judicata*, and that Mr. Sanabria has named defendants that are not subject to liability under § 1983. *Sanabria*, 2021 WL 4776337, at *3.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the second amended complaint for failure to comply with Rule 8 and for failure to state a claim. Having reviewed the docket in its entirety, the Court concludes that further attempts at amendment would be futile. *See Jones v.*

*Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story"). An appropriate Order follows, which dismisses this case.

BY THE COURT:

_____
**GENE E.K. PRATTER, J.**